UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| DEBRA A. WILLIAMS and ) <br> HERMAN F. WILLIAMS, individually ) <br> and on behalf of their minor son, ) <br> HERMAN RASHAD WILLIAMS, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CITY OF CHAMPAIGN, Champaign ) <br> County, Illinois, a municipal corporation, ) <br> DENNIS BALTZELL, GARY LEIBACH, ) <br> RUSSELL BECK, RODNEY MITCHELL, ) <br> MICHAEL ASCHENBRENNER, ) <br> RICHARD WILBERG, DAVID SHAFFER, ) <br> TOD MYERS, SCOTT CARTER, ) <br> CHUCK CARTER, and ) <br> MYDATT SERVICES, INC., a foreign ) <br> corporation doing business as ) <br> Valor Security, ) <br> Defendants ) | Case No. 04-2150 |

# ORDER

In August 2004, Plaintiffs Debra Williams, Herman Williams, and Herman Rashad Williams filed a Complaint at Law (#1) against Defendants City of Champaign, Dennis Baltzell, Gary Leibach, Russell Beck, Rodney Mitchell, Michael Aschenbrenner, Richard Wilberg, David Shaffer, and Tod Myers, alleging violations of federal and state law.  In December 2005, Plaintiff filed an Amendment to Complaint at Law (#27) adding Defendants Scott Carter, Chuck Carter, and Mydatt Services, Inc., and alleging violations of state law as to those Defendants.  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In November 2006, Defendants Mydatt Services, Inc., Scott Carter, and Chuck Carter (also "Mall Defendants") filed an Amended Motion for Summary Judgment Pursuant to F.R. Civ.P. 56 (#66).  After reviewing the parties' pleadings and memoranda and the evidence

presented, this Court **GRANTS** Defendants' Amended Motion for Summary Judgment Pursuant to F.R. Civ.P. 56 **(#66)**.

## I.  Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material dispute of fact exists that requires a trial.  *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).  The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists.  *Celotex,* 477 U.S. at 323.

The Court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence.  *Celotex,* 477 U.S. at 322-23.  A scintilla of evidence in support of the nonmovant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of any element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id.*  "In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

## II.  Background
### A.  Factual Background

Plaintiffs Debra and Herman Williams are the parents of Plaintiff Herman Rashad Williams (hereinafter "Rashad").  Debra, Herman, and Rashad are African-American.  At the time of the events described in the complaint, Rashad was fifteen years old and approximately six feet tall.  Debra and Herman have filed individually and on behalf of Rashad.  At relevant times, Defendants Baltzell, Leibach, Beck, Mitchell, Aschenbrenner, Wilberg, Shaffer, and Myers (hereinafter "officers") worked as police officers for the City of Champaign police department.  Defendants Chuck Carter and Scott Carter worked as security guards for Mydatt Services and were working at Marketplace Mall in Champaign, Illinois, on January 18, 2004.

On January 18, 2004, Debra, Rashad, and Anthony Thomas (Debra's nephew) went to Marketplace Mall.  They left the mall at about 5:15 to 5:30 p.m. in Debra's black van which bore a license plate number of RASHAD8.  Debra drove them first to her mother's home where she visited briefly.  Then they went to Debra and Rashad's home.

The same day, beginning around 5:41 p.m., Defendant Chuck Carter called METCAD.  He told the METCAD dispatcher that he had "just had a report of a fellow panhandling out here and then, uh, another officer just called me and the same guy just robbed two people in the mall."  (Peddycourt dep., transcript of METCAD master digital recording, January 18, 2004, 17:41 hours.)  He also stated that the suspect left in a dark-colored newer minivan with license plate number RASHAD8 and there was a black woman in the minivan.  *Id.*  Defendant Scott Carter then called 911 and reported much the same thing.  *Id.*  He also described the suspect as a black male, in his late 20s or early 30s, fairly tall, about six feet, one inch tall, thin build, wearing a long black coat and a black hat.

As a result of these reports, Defendant officers stopped the vehicle that Debra was driving and ordered the three occupants to get out of the van, put their hands in the air, and walk backward toward separate police cars.  Rashad and Anthony were then handcuffed.  Debra, Rashad, and Anthony were detained in the police cars about twenty-two minutes until the

3

victims came to the scene. After the victims stated that neither Rashad nor Anthony looked like the suspect, Anthony and Debra were released. Rashad was returned to the police car, still in handcuffs, for another fifteen minutes where he was questioned about unrelated issues while one of the officers completed a juvenile contact card. Then Rashad was released.

### B. Procedural Background

The amended complaint alleges that (1) Defendant Mydatt Services is liable for false arrest and imprisonment and negligence in training (pursuant to 225 ILCS 447/25-20) and retention of Chuck Carter and Scott Carter; and (2) Defendants Chuck Carter and Scott Carter are liable for false arrest and imprisonment. Through their response to the summary judgment motion, Plaintiffs now also claim that Scott and Chuck Carter are liable for negligence in reporting that led to the false arrest. (#71, pp. 16-17.) Plaintiffs' response also asserts a claim that Mydatt Services was negligent in supervising Scott Carter and Chuck Carter. Plaintiffs contend that Defendants' negligent conduct led to the false arrest and improper detention of Debra and Rashad. (#71, p. 18.)

In October 2006, Defendants City of Champaign, Baltzell, Leibach, Beck, Mitchell, Aschenbrenner, Wilberg, Shaffer, and Myers filed a Motion for Summary Judgment (#54). The Court granted the motion, finding, among other things, that (1) the initial stop and subsequent detention of Plaintiffs Debra and Rashad Williams constituted an investigatory stop, not an arrest; (2) Defendant officers had reasonable suspicion to make the stop; (3) the seizure was not unreasonable in manner or duration; (4) Defendant officers did not violate Plaintiffs' constitutional rights by using excess force during the stop; and (5) because the stop and detention did not constitute an unreasonable restraint on Plaintiffs' liberty, Defendant officers were not liable for Plaintiffs' claims of false arrest and imprisonment.

### III. Analysis

Defendants argue that the Court should grant summary judgment in their favor because (1) Defendants Scott and Chuck Carter did nothing more than provide information to police and that conduct is not actionable under Illinois law even if it leads to an arrest and imprisonment;

(2) even inaccurate information is not sufficient to make one liable for false arrest or false imprisonment, as long as the reporting individual does not direct or procure the subsequent arrest; and (3) if claims against Chuck and Scott Carter for false arrest and false imprisonment are not actionable, the claim against Mydatt Services for negligent training cannot stand.

### A.  False Arrest/Imprisonment Claims

Plaintiffs assert false arrest/imprisonment claims against all three Mall Defendants.  The claim against Mydatt Services is based on the doctrine of *respondeat superior*, which permits an employer to be held vicariously liable for the acts of its employee if the employee commits those acts within the scope of his employment.  *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1158 (Ill. App. Ct. 2002).

Plaintiffs' false arrest/imprisonment claims against Defendants Scott Carter and Chuck Carter are based on the premise that an arrest caused or procured by a private person is the same as an arrest by that person.  *Carey v. K-Way, Inc.*, 728 N.E.2d 743, 746 (Ill. App. Ct. 2000) (citing *Karow v. Student Inns, Inc.,* 357 N.E.2d 682, 686 (1976)).  Specifically, Plaintiffs contend that Defendants Scott and Chuck Carter caused Defendant officers to falsely arrest/imprison Plaintiffs, therefore the Carters are liable for that false arrest/imprisonment.

In order to establish false imprisonment/arrest, a plaintiff must prove that:  (1) the plaintiff was restrained or arrested by the defendant; and (2) the defendant acted without reasonable grounds to believe that the plaintiff committed an offense.  *Meerbrey v. Marshall Field & Co.*, 545 N.E.2d 952, 955 (Ill. App. Ct. 1989).

As noted above, in ruling on a summary judgment motion brought by Defendant officers, the Court found that Defendant officers did not falsely arrest or imprison Plaintiffs when they stopped and detained them on January 18, 2004.  The Court stated as follows:

> False imprisonment is an unreasonable restraint of a person's liberty against his will caused or procured by the defendant. *Meerbrey v. Marshall Field & Co.*, 545 N.E.2d 952, 955 (Ill. App. Ct. 1989). The Court has already concluded that the detention here was an investigatory stop and not an arrest, and the officers had reasonable suspicion to perform the investigatory stop. Furthermore, the scope and duration of the seizure were reasonable. Thus, although Defendant officers "restrained" the liberty of Debra and Rashad, under the facts of the case viewed in the light most favorable to Plaintiffs, the seizure did not constitute an "unreasonable" restraint of their liberty. Accordingly, the Court grants summary judgment in favor of Defendants on Plaintiffs' claims of unlawful arrest/imprisonment.

Order, #75, p. 30.

Because the Court has determined that Plaintiffs were not falsely arrested or imprisoned, Plaintiffs cannot establish the elements of their false arrest/imprisonment claims as to Defendants Scott and Chuck Carter. Therefore, the Court grants the Carters' motion for summary judgment as to these claims.

Plaintiffs' false arrest/imprisonment claims against Mydatt Services are based on the doctrine of *respondeat superior*. An employer cannot be held liable if its employees are not liable for the underlying claim. *Gant*, 770 N.E.2d at 1158 ("Under [this] theory, the liability of the principal is dependent on the negligence of the agent."). Accordingly, the Court grants Mydatt Services' motion for summary judgment on this claim.

### B. Negligence Claims

Plaintiffs also allege that Defendants Chuck Carter and Scott Carter are liable for negligence in reporting and Defendant Mydatt Services is liable for negligence in training, retention, and supervision of Chuck Carter and Scott Carter. A negligence claim brought under a *respondeat superior* theory is based upon an employer's vicarious liability for the wrongful acts of its employees. By contrast, negligence claims brought under theories of negligent hiring, retention, or supervision are based upon the employer's negligence in hiring or retaining the employee, rather than the employee's wrongful act. *Gant*, 770 N.E.2d at 1158 (negligent hiring

or retention); *Young v. Lemons*, 639 N.E.2d 610, 612-13 (Ill. App. Ct. 1994) (negligent hiring or supervision).

Plaintiffs allege that the negligent conduct in each of these claims led to the false arrest and improper detention of Debra and Rashad. Thus, false arrest/imprisonment is the injury element of each of Plaintiffs' negligence claims against the Mall Defendants. The elements of any tort that is grounded in negligence include a duty, a breach of that duty, proximate cause, and compensable injury. *Ogle v. Fuiten*, 445 N.E.2d 1344, 1347 (Ill. App. Ct. 1983). Here, however, independent of the Mall Defendants' conduct, the officers' treatment of Plaintiffs while they investigated the reported incidents did not constitute false arrest or imprisonment. *See* Order, #75, p. 30. Thus, even assuming *arguendo* that Plaintiffs can establish the elements of duty, breach, and proximate cause, based on the Court's previous order, Plaintiffs cannot establish that they were injured.

On a summary judgment motion, Plaintiffs are entitled to have factual inferences and disputed facts construed in their favor but they also bear the burden of establishing the elements of their claims at this point. *Anderson*, 477 U.S. at 250. Here, Plaintiffs have failed to establish the elements of their negligence claim. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* (stating that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiffs' negligence claims.

### IV.  Summary

For the reasons stated above, the Court **GRANTS** Defendants' Amended Motion for Summary Judgment Pursuant to F.R. Civ.P. 56 **(#66)**.  This case is terminated.

ENTER this 15th day of February, 2007.

s/ DAVID G. BERNTHAL<br>
U.S. MAGISTRATE JUDGE